William G. HIGHTOWER, Petitioner-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 71–1797.

United States Court of Appeals, Sixth Circuit.

March 1, 1972.

David R. Hood, Detroit, Mich. (Court appointed), on brief for petitioner-appellant.

C. Fred Partin, Asst. U. S. Atty., Louisville, Ky., for respondent-appellee; George J. Long, U. S. Atty., Louisville, Ky., on brief.

Before WEICK, EDWARDS and PECK, Circuit Judges.

PER CURIAM.

Appellant appeals from denial of his motion to vacate sentence under 28 U.S. C. § 2255 (1970). The § 2255 motion was heard by the same District Judge in the Western District of Kentucky who had sentenced appellant on his plea of guilty in May of 1970 on two counts of bank robbery and placing life in jeopardy during a bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) (1970).

Appellant's appointed counsel argues that the District Judge on acceptance of appellant's plea of guilty did not comply with Rule 11 of the Federal Rules of Criminal Procedure, particularly as interpreted in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

Rule 11 in applicable part says as follows:

"The Court . . . shall not accept such a plea of guilty . . . without first addressing the defendant personally and determining that the plea is made voluntarily with understanding of the nature of the charge and the consequences of the plea . . . The Court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Fed.R.Crim.P. 11

In the *McCarthy* case, the Supreme Court reversed a conviction entered on a plea of guilty wherein the sentencing judge had not questioned the defendant concerning his "understanding of the nature of the charge" and where there was evidence in the record that in fact the defendant who tendered the plea did not understand what he was pleading guilty to.

■ We find no such facts disclosed in this record. The District Judge's colloquy with the defendant in this case shows that he did comply with the terms of Rule 11 and we have no doubt the defendant fully understood the nature of the charge.

■ Petitioner also contends, however, that the proceedings did not serve to inform appellant fully concerning the consequences of his guilty plea. In this regard it is clear that the District Judge did tell him the maximum to which he could be sentenced for the offenses for which he was convicted. The burden of appellant's complaint, however, concerns the relationship between the federal offense and a state offense to which he had already plead guilty but as to which he had not yet been sentenced. As we read Rule 11 the District Judge was not required to speculate about the conse-quences of any plea of guilty which appellant had entered before another court.

■ All this to the contrary notwithstanding, this last issue serves to highlight the discussion of the relationship between the federal sentence and the state sentence which was entered into between the District Attorney, the Court, and counsel for appellant at the hearing on sentence. It appears to us at least possible that the District Judge had not been fully advised as to the status of the state court proceeding or the reasons for the District Attorney's recommendation. There is language from the Court indicating that it was seeking to follow that recommendation. Although the 20-year sentence as actually administered by the Court is clearly within the statutory maximum, it is not consistent with the District Attorney's recommendation.

Further, the colloquy pertaining to the concurrent feature of the sentence strongly suggests some confusion concerning the consequences of the sentence when it is related to the state sentence.

Under these circumstances, we vacate the judgment of sentence and remand for resentencing.