[Crim. No. 23200. Second Dist., Div. One. Feb. 13, 1974.]

THE PEOPLE, Plaintiff and Respondent, v.
JULIAN. SEARCIE, Defendant and Appellant.

## COUNSEL

James G. Spring, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, James H. Kline and Penina S. Van Gelder, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**LILLIE, J.**—Defendant was convicted on two counts of receiving stolen property (§ 496, Pen. Code); on August 7, 1967, proceedings were suspended and he was placed on probation for five years on certain conditons. On October 3, 1972, defendant appeared before Judge Mullendore for a violation of probation which consisted of various acts resulting in two criminal cases in which he was charged with multiple counts of forgery (A 281455) and burglary (A 430139); further proceedings were continued to November 1, 1972. On September 5, 1972, in A 281455, as the result of a plea bargain defendant entered a plea of guilty to one count of forgery before Judge Mullendore; on October 20, 1972, in A 430139, he entered a plea of guilty to burglary as the result of a plea bargain before Judge Munnell. Part of the plea bargain in each case was the agreement that one year in the county jail would be adequate punishment for both cases (forgery and burglary); as a result thereof defendant was placed on probation, a condition of which was that he serve one year in the county jail.

On November 1, 1972, the probation violation matter was transferred by Judge Mullendore for hearing to Judge Dell who had originally placed defendant on probation. On November 8, 1972, after a hearing defendant was found to be in violation of probation, probation was revoked, and Judge Dell imposed judgment and sentenced him to the state prison on both counts (the sentences to run concurrently). He appeals from the judgment.

Appellant's first claim of error is that he was denied a fair hearing because he was not "permitted to present evidence as to the plea bargain" at the time of pronouncement of judgment and sentence herein. He argues that a situation "of considerable complexity and confusion developed" on the part of counsel, the court and himself as to the extent and scope of the plea bargains in the forgery and burglary cases thus Judge Dell should have determined the exact bargains therein which would have shown that he entered his pleas of guilty on the basis that he would spend one year in the county jail as a sentence in all three cases. The record fails to support either his claim of denial of a fair hearing, or that the plea bargains included the probation violation matter herein or that defendant believed they did.

The record shows a situation neither complex nor ambiguous; that none of the three judges or counsel was confused as to the scope of each plea bargain and that defendant was in no manner misled and at all times knew he faced a probation revocation in the instant case and almost certain state prison sentence. In A 281455 (forgery) before entering his plea of guilty defendant, who appeared with counsel, was advised in open court of the charges (seven counts of forgery), his constitutional rights and the plea bargain—that if the probation report showed the facts represented to Judge Mullendore to be true he would impose a state prison sentence, suspend judgment and place him on probation for five years on the condition he would serve a maximum of one year in the county jail—represented to the court he understood the foregoing, that no promises, offers of reward or lesser sentence or threats of any kind had been made to him to induce him to change his plea and he had full opportunity to discuss all of the facts of the case with his counsel, and waived his constitutional rights. In A 430139 (burglary) before entering a guilty plea, defendant, who appeared with counsel, was advised in open court of the plea bargain;[1] his counsel stated that he had made the court (Judge Munnell) aware that

---

[1] The deputy district attorney stated to defendant in open court: "Your attorney, myself and the Judge have discussed this matter. In fact, we discussed it the other day, as you are aware. It was recommended by the District Attorney's office should you plead guilty that at the time of sentencing, about three or four weeks from now, that the District Attorney's office would recommend and the Court would honor that, this matter be made a proceedings suspended. In other words, you would be placed on probation, there would be no State Prison as a result of this plea *at this time*. You understand this?'' (italics added) and defendant answered "Yes." The district attorney continued: "However, as a condition of probation, the Court could impose up to one year in the County Jail; and, furthermore, should you violate any terms of probation in the future that you could be returned to this court for a possible State Prison sentence at that time based upon the violation. You understand this?" to which defendant replied, "Yes."

defendant had another matter pending before another judge (Judge Mullendore) and that he represented to Judge Mullendore that this matter (burglary) was pending before Judge Munnell; defendant was advised of his constitutional rights and the charges against him, represented that no threats, promises, force or violence had been used to induce his guilty plea and waived his constitutional rights.

Thereafter on November 8, 1972, during the hearing of the violation of probation in the instant case Judge Dell alluded to A 281455 (forgery) and stated, "but as I understand it, *the plea bargain did not involve this case,* and the matter was transferred to this court for hearing on the probation violation" (italics added); he also indicated his awareness of the pendency of A 430139 (burglary). Asked by Judge Dell if he wished to say anything with reference to the probation violation, defense counsel stated that in each case he made known to the court defendant had other problems, each court knew of defendant's involvement in the other court and each knew of the probation violation pending, and it was agreed that a year in the county jail would be adequate punishment for "the offenses involved," Judge Munnell took into consideration the probation violation and the case before Judge Mullendore, and "I hope the Court will agree with us that a year in the County Jail is sufficient for this type of crime"; then argued at length in mitigation of the circumstances giving rise to the violation of probation. Judge Dell discussed the other cases,[2] informed

---

[2]"THE COURT: Well, I want to make one observation. I did not discuss the merits of the case with Judge Mullendore, but when the cases came up I did ask him in effect, 'What's the deal? How come this probation report is coming back to me?' *And he said that the plea bargain did not involve this case.* That he had made a plea bargain which the defendant and the District Attorney and he were willing to live with. *But, the matter of probation violation was something that would have to be handled in this Court.*" (Italics added.) Judge Dell commented about the case before him, that there was a strong inference "defendant was acting as a type of Fagin"—an operation in which others were stealing clothes for him—but he was satisfied defendant was engaged in "peddling" which rather clearly showed that he was receiving stolen property; read lengthy statements he had made at the time he originally placed defendant on probation showing the seriousness of his offense, then said to defense counsel "I'll hear anything else that you want to present, Mr. Fletcher. I just don't want the defendant to be under any illusions. We've laid it out pretty clearly that he's a man with a substantial criminal record. He got a break. I think it's a little novel. A few years ago people that had long criminal records weren't being put on probation. . . ."

"*In no way was this case involved in the plea bargain. That's what I'm informed by Judge Mullendore and also that's been my understanding as far as Judge Munnell [burglary] is concerned.* [Italics added.]

"It seems perfectly obvious that there is a serious violation of probation in this case by virtue of the criminal conduct and the convictions in the other cases. I wonder just how many crimes a person is supposed to dispose of and package up into one plea bargain and then add a case that wasn't a part of the plea bargain."

defendant he did not want him to be under any illusions but "In no way was this case involved in the plea bargain. That's what I'm informed by Judge Mullendore and also that's been my understanding as far as Judge Munnell is concerned," and commented on the seriousness of the instant case. Defense counsel spoke of defendant's financial obligations and pleaded for "one more chance" for defendant. Asked if there was any legal cause why judgment should not then be pronounced, defense counsel stated, "May we just ask for a year in the County Jail, your Honor. There is no legal cause—" whereupon the court sentenced defendant to the state prison.

No plea bargain was made in the instant case with Judge Dell and no plea bargain in any other case sought to or did bind him. It is clear that there was no "complexity" or "confusion" concerning the scope of the plea bargains in the other two cases insofar as the three judges were concerned, and had there been any ''confusion'' on the part of defendant or his counsel he had an opportunity in each of the three cases to clarify the matter. Defense counsel's statements to Judge Dell during the probation violation hearing fail to convince us that he really believed the one-year jail sentence bargained for in the other two cases actually included any sentence to be imposed in the instant case. It is true that he urged a one-year county jail sentence as the ultimate disposition in this case but more on the basis of the overall circumstances and that defendant had been sufficiently punished than as a part of plea bargains in the other cases. Defendant remained silent throughout the hearing although in seeking a reversal of this judgment he now represents that he believed the plea bargains also included the instant case; but neither plea bargain, spread on the record in each case, can be reasonably construed to cover the sentence herein. In both cases defendant was represented by counsel, the bargain was clear and unequivocal which defendant said he understood, he intelligently and knowingly waived his constitutional rights and represented that he had a full opportunity to discuss all of the facts of the case with his counsel. If defendant was confused concerning the matter he failed to raise any question concerning it in any of the three cases, and if he was in any manner misled he made no effort, after the state prison sentence was imposed herein, to withdraw his plea of guilty in either case. ■ We can only conclude on the record before us that neither plea bargain involved the sentence herein, and that defendant well knew this.

Appellant's final contention is that he made no intelligent waiver of his constitutional rights under *Boykin* v. *Alabama,* 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] because the record in each case (forgery and burglary) fails to show that he was advised that a possible consequence of his guilty

plea could be that he would be found in violation of probation in the instant case and could receive a state prison sentence.

On this appeal from the judgment herein which involved no direct plea bargain or any other plea bargain which could bind the sentencing judge, appellant attempts to collaterally attack the validity of plea bargains in two separate and distinct cases in neither of which he sought to withdraw his plea of guilty and neither of which is before us. We would decline a discussion of the issue were it not for the possible argument that had he known that a possible consequence of his guilty plea in each case could be revocation of probation and state prison sentence herein, defendant would not have pleaded guilty; and had he gone to trial on all of the charges he might have been acquitted thereby eliminating the grounds of probation violation. (This of course assumes there was no other violation of probation.) In any event the argument fails for several reasons. We have hereinabove concluded that each plea bargain concerned only the particular case in which the plea was entered; and both judges were fully aware of the pending probation violation hearing in the instant case, each intended to transfer the case back to Judge Dell for further proceedings and neither intended to include the instant case in the bargain. In each case defendant was represented by counsel and admitted he had consulted with him;[3] he was aware "of the primary and direct consequences of his imminent conviction" in both the forgery and burglary cases (*In re Birch,* 10 Cal.3d 314, 320 [110 Cal.Rptr. 212, 515 P.2d 12])—he knew that if the facts were as represented by him to the court he would serve a maximum of one year in the county jail in both cases. He makes no claim that either judge repudiated the bargain. Each plea of guilty was voluntary. ▇ A plea of guilty entered by one fully aware of the "direct" consequences, includ-

---

[3]In *In re Birch,* 10 Cal.3d 314 [110 Cal.Rptr. 212, 515 P.2d 12], defendant was not represented by counsel. He entered a plea of guilty to a misdemeanor charge of violating section 647, subdivision (c), Penal Code. On writ of habeas corpus the California Supreme Court set aside the conviction because the record fails to reveal he "was properly advised prior to his plea either of his right to counsel or of the sex registration requirement flowing directly from a conviction under section 647, subdivision (a)." (P. 316.) The court held under the circumstances there, "in view of the unusual and onerous nature of the sex registration requirement that follows inexorably from a conviction under section 647, subdivision (a), the trial court's duty surely includes an obligation to advise petitioner [*who was not represented by counsel*] of this sanction . . . ." (P. 321.) The court further held that while defendant possibly might have suspected that a guilty plea could result in a short jail sentence, under the circumstances of this case, it could not believe that he was aware that he would be required to register as a sex offender. "Certainly counsel would have advised him of this grave and direct consequence of his guilty plea; *in the absence of counsel* the responsibility for such advice rests with the court." (Italics added.) (P. 322.)

ing the actual value of any commitments made to him by the court, prosecutor or his own counsel, must stand unless induced by threats, misrepresentations or improper promises. (*Brady* v. *United States* (1970) 397 U.S. 742, 755 [25 L.Ed.2d 747, 760, 90 S.Ct. 1463].) The record in each case also supports the conclusion that the plea was intelligently made by a competent defendant with adequate advice of counsel, and there is nothing to question the accuracy and reliability of defendant's admissions that he committed the crimes of forgery and burglary.

█ While it is true that before a guilty plea can be accepted a defendant must be advised of the direct consequences of his plea, such as the permissible range of sentences, the requirement relates to consequences directly involved in the criminal case itself, and not to collateral consequences. Commenting on *Brady* v. *United States* (1970) 397 U.S. 742, 755 [25 L.Ed.2d 747, 760, 90 S.Ct. 1463], the court in *United States* v. *Sambro* (1971) 454 F.2d 918 [147 App.D.C. 75], said "We note that the accused must be 'fully aware of the *direct* consequences.' We presume that the Supreme Court meant what it said when it used the word 'direct'; by doing so it excluded *collateral* consequences." (P. 922.) █ First, at the time he entered his plea in each case defendant personally was well aware of the pendency of the probation violation matter herein and an almost certain imposition of a state prison sentence. Not only does the record in each case acknowledge the existence of the probation violation matter but the record in the instant case shows that when Judge Dell originally granted probation he warned defendant that any violation of its terms would be met with a long state prison sentence. Moreover, defendant must have known of this fact because he now claims that at the time of each plea bargain he believed the sentence would include any sentence resulting from his violation of probation. Second, possibility of revocation of probation and subsequent prison sentence in the instant case, if a consequence of the pleas of guilty in the forgery and burglary cases,[4] were at most a collateral consequence which in no way directly affected or were directly involved in those cases. We cannot say they were the "primary and direct consequences" of his "imminent conviction" in either the forgery or burglary cases. (*In re Birch*, 10 Cal.3d 314, 319-320 [110 Cal.Rptr. 212, 515 P.2d 12].) Appellant has cited no case dealing with collateral consequences within the context of *Boykin* v. *Alabama* (1969) 395 U.S. 238 [23 L.Ed.2d 274, 89 S.Ct. 1709] and *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]. However, there are various federal cases in which the courts have determined the consequences to be collateral in

---

[4]Even had there been no plea of guilty in each case, probation herein nevertheless might well have been revoked and defendant sentenced to the state prison.

light of rule 11 of the Federal Rules of Criminal Procedure, which requires that a plea of guilty must be made with an understanding of the consequences of such a plea. Types of consequences which have been held to be collateral and thus not requiring a plea of guilty to be set aside include —possibility of imposition of consecutive sentences (*Johnson* v. *United States* (9th Cir. 1972) 460 F.2d 1203, 1204); possibility of not obtaining parole (*Mathis* v. *Hocker* (9th Cir. 1972) 459 F.2d 988, 989); possibility of affecting sentence in an independent state court case (*Hightower* v. *United States* (6th Cir. 1972) 455 F.2d 481, 482); possibility of administrative penalty of loss of good time credit (*Hutchison* v. *United States* (10th Cir. 1971) 450 F.2d 930, 931); possibility of loss of civil rights, passport and right to travel abroad (*Meaton* v. *United States* (5th Cir. 1964) 328 F.2d 379 [cert. den. (1965) 380 U.S. 916 (13 L.Ed.2d 801, 85 S.Ct. 902)]); possibility of embarrassment and loss of prestige and loss of voting rights (*United States* v. *Cariola* (3rd Cir. 1963) 323 F.2d 180); possibility of undesirable discharge from the Air Force (*Redwine* v. *Zuckert* (1963) 317 F.2d 336, 338 [115 App.D.C. 130]); in absence of any misrepresentation thereof, possibility of deportation (*United States* v. *Sambro* (1971) 454 F.2d 918 [147 App.D.C. 75]; cf. *United States* v. *Briscoe* (1970) 432 F.2d 1351 [139 App.D.C. 289] wherein misrepresentation as to possibility of deportation involved).

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.