[Crim. Nos. 7680, 7746. Third Dist. Mar. 31, 1975.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO ROBLES MARTINEZ, Defendant and Appellant.

COUNSEL

Michael L. Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Robert Marshall and Vincent J. Scally, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

PARAS, J.—By order of this court filed October 24, 1974, defendant's appeals in 3 Crim. 7746 (the first offense) and 3 Crim. 7680 (the second offense) were consolidated for hearing and decision.

The first offense involved the sale of 1,000 amphetamine capsules in violation of section 11912 of the Health and Safety Code (now § 11379). Following conviction, defendant was sentenced to state prison for the term prescribed by law, but execution of the sentence was suspended and on February 23, 1973, defendant was placed on probation for three years.

The second offense occurred on January 15, 1974, while defendant was on probation; he was booked into the Roseville jail (for being drunk in public—Pen. Code, § 647, subd. (f)) where a lawful search of his person uncovered 50 red capsules, later analyzed as barbiturates. He was then charged with violation of section 11377 of the Health and Safety Code, and after plea negotiation, pleaded guilty and admitted suffering the 1973 conviction. Judgment was entered on May 16, 1974, sentencing defendant to state prison for from 2 to 20 years.

Thereafter, on June 26, 1974, defendant having signed a waiver of his right to appear, his probation on the first conviction was revoked, and the sentence earlier imposed (five years to life) was ordered executed, to run concurrently with his sentence on the second conviction.

In his appeal relating to the first offense, defendant makes the following contentions:

I. He did not make a competent waiver of his right to appear and be represented by counsel at the probation revocation proceedings, pursuant to section 1203.2a of the Penal Code.

II. Certain penal provisions of former section 11912 of the Health and Safety Code constitute cruel and unusual punishment.

Defendant makes the following contentions in his appeal regarding the second offense:

. A. This court should hear his appeal notwithstanding the fact that no certificate of probable cause to appeal was issued.

B. Certain penal provisions of section 11377 of the Health and Safety Code constitute cruel and unusual punishment.

C. He was not properly advised of the full penal effect of admitting the prior felony conviction.

D. He was not advised that his probation could be revoked as a consequence of his guilty plea.

I

After he was committed to state prison for the second offense, defendant was sent a form by the district attorney titled "Request for Disposition of Probation, Waiver of Appearance and Right to Attorney (P.Code, § 1203.2a)," which he signed and returned. The form stated that regarding the first offense, the defendant was requesting the superior court, in accordance with section 1203.2a of the Penal Code, to "make disposition of my probation as required by law." It further provided, "I waive any and all rights that I may have to be present . . . and . . . to be represented by an attorney. . . ."

Pursuant to this signed request and waiver, the hearing of June 26, 1974, was held, at which time probation was revoked. Defendant was absent, but was represented by the public defender. He contends that because of inappropriate wording of the signed form, he did not competently waive his right to appear and be represented by counsel under section 1203.2a of the Penal Code.

It is not necessary to rule upon this contention,[1] for it

---

[1]Nevertheless we note that the waiver form is not in compliance with the statute. Section 1203.2a of the Penal Code requires that the defendant request the court to *impose sentence,* also that the warden or superintendent or representative of the warden or superintendent ."*attests* both that the defendant has made and signed such request and

is quite apparent that section 1203.2a did not authorize the use of a waiver in this case and the court had no jurisdiction to revoke probation. Recognizing that probation may be granted either by (1) imposing judgment and sentence and suspending execution thereof or (2) suspending imposition of judgment and sentence, section 1203.2a provides for separate and distinct methods of disposition of an earlier order of probation where the probationer is later sentenced to state prison for a subsequent offense. (See *People* v. *Youngs* (1972) 23 Cal.App.3d 180, 182-183 [99 Cal.Rptr. 901]; *In re Nafe* (1965) 237 Cal.App.2d 809, 812, 813 [47 Cal.Rptr. 457].) Only in the second circumstance, where imposition of judgment was suspended, does section 1203.2a provide for a written waiver by an absentee probationer. In the former circumstance, the statute provides for an ex parte and summary revocation of probation without waiver, by stating that when the court is "[i]nformed by the probation officer of the defendant's confinement . . ., the court shall issue its commitment *if sentence has previously been imposed.*"[2] (Italics added.) ▮ The statute provides further: "If the case is one in which sentence has previously been imposed, the court shall be deprived of

that he states that he wishes the court to impose sentence in the case in which he was released on probation, in his absence and without being represented by counsel." Neither of these requirements was met. The defendant requested the court to "make disposition of my probation as required by law," which is not the same as requesting the court to "impose sentence." Also the waiver form was signed on a signature line below which is the word "witness," by a person whose title is indicated as "Correctional Counselor I;" this is not the same as being *attested* by the *warden* or *superintendent* or the *duly authorized representative* of either. (See *People* v. *Ruster* (1974) 40 Cal.App.3d 865, 871 [115 Cal.Rptr. 572].) The language of section 1203.2a should have been much more carefully followed in the preparation of the waiver form.

[2]The summary revocation procedures of section 1203.2a have, of course, been now modified by *Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]; *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313]; *In re La Croix* (1974) 12 Cal.3d 146 [115 Cal.Rptr. 344, 524 P.2d 816]; and *In re Winn* (1975) 13 Cal.3d 694 [119 Cal.Rptr. 496, 532 P.2d 144]. In view of *Vickers*, at least one now anachronistic portion of the section requires attention by the Legislature. The 30-day requirement to either act or lose jurisdiction was reasonable when the statute was originally enacted and when it was later amended (see Historical Note to Pen. Code, § 1203.2a, West's Ann. Cal. Codes), because there was then no requirement of a revocation hearing. (*In re Davis* (1951) 37 Cal.2d 872, 873-874 [236 P.2d 579]; *People* v. *Vickers, supra* at p. 455.) Thus 30 days (after official and formal notice to the court) was a reasonable time within which the court might act, because the probationer (1) in the case where no sentence was imposed waived personal presence, and (2) in the case where sentence was suspended, had no right to a hearing and thus no right to personal presence. Under present law, there is still no difficulty if no sentence was imposed, because it requires an appropriate waiver to trigger the 30-day period, a fortiori avoiding the need for a hearing, counsel, and defendant's presence. But where sentence has been imposed and suspended, the defendant has the right to a hearing, to be present, and to counsel. Thirty days no longer appears to be a reasonable time in view of the many pressures currently on our trial courts.

jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case *within 30 days after being notified of the confinement.*" (Italics added.)

On May 17, 1974, one day after defendant was sentenced in the second offense, the probation officer filed a report and petition to revoke probation, advising of the second conviction and sentence. On May 22, 1974, the court continued the matter to June 5, 1974, and directed the district attorney to write to the defendant for a waiver. It is obvious that at this point the court had misconstrued section 1203.2a and did not realize that since it had already imposed sentence, a waiver under that section was inappropriate. On June 5, 1974, the minute order shows that the district attorney informed the court that defendant had agreed to execute a waiver; and the case was continued to June 19, 1974. The purported waiver was dated June 13, 1974, but was not filed until June 18, 1974. On June 19, 1974, the case was continued at the district attorney's request to June 26, 1974. On June 26, 1974, probation was at last revoked.

Both the court and the district attorney overlooked the 30-day limitation of section 1203.2a. No commitment or order was made within 30 days of May 17, 1974, and the court lost jurisdiction to revoke probation on the basis of the second offense. The order of revocation was therefore void.

The 30-day limitation of section 1203.2a of the Penal Code may, of course, be waived (*People v. Davidson* (1972) 25 Cal.App.3d 79, 85 [101 Cal.Rptr. 494]), just as a probation revocation hearing may be waived (*People v. Vickers, supra* at p. 457). The question arises whether the defendant made such waivers by executing the waiver form of June 13, 1974 (a matter quite independent of the waiver specifically described and provided for in section 1203.2a, which as above noted is contemplated only where no sentence was imposed and is thus inapplicable here). We do not so construe the document.[3] First, it expressly describes itself as a section 1203.2a waiver, thus inferentially limiting itself to the inapplicable portion of that statute. Second, while it waives counsel and

---

[3]The dispositive portion of the document reads as follows: "This is to notify you, in accordance with the provisions of Section 1203.2a of the California Penal Code, on my present imprisonment and to request this Court to make disposition of my said Probation as required by law.

"This is to further notify you that I waive any and all rights that I may have to be present at any hearings in this matter, and I further waive any and all rights that I may have to be represented by an attorney at any and all stages of these proceedings."

personal presence at a hearing, it does not anywhere refer to or purport to waive any time period. (See also fn. 2, *ante* p. 741.)

## II

Defendant claims that the punishment of from five years to life prescribed by former section 11912 (now § 11379) of the Health and Safety Code, and the provision thereof precluding parole consideration for three years constitute cruel and unusual punishment. In view of our holding as to the first contention, we need not consider this subject.

## A

The Attorney General concedes, and we agree, that defendant's appeal from his guilty plea should be heard notwithstanding his failure to seek or obtain a certificate of probable cause to appeal, as required by section 1237.5 of the Penal Code.

On June 6, 1974, defendant wrote a letter to the county clerk which was filed June 11, 1974, stating: "I'm . . . trying to appeal my case before the California Appellate Court. But I need all my transcripts . . . . I need these paper [*sic*] as to conduct my appeal on my own from here."

On June 13, 1974, the trial judge signed and filed a "minute order" stating: "The Court hereby treats the attached letter as a 'Notice of Appeal' and the Clerk and Court Reporter are directed to prepare the necessary transcripts."

This order is sufficient compliance with section 1237.5 of the Penal Code. By ordering the transcripts to be prepared, the trial judge in effect certified the defendant's case for appeal. (*People* v. *Herrera* (1967) 66 Cal.2d 664, 665 [58 Cal.Rptr. 319, 426 P.2d 887].)

## B

Defendant claims that section 11377 of the Health and Safety Code is unconstitutional with reference to its two-year minimum without parole consideration, on a second conviction. The contention is totally lacking in merit and is rejected. (See *People* v. *Serna* (1975) 44 Cal.App.3d 717 [118 Cal.Rptr. 904].)

## C

Defendant contends that he was advised of the penal effect of admitting the prior conviction in such a confusing manner that his plea should be set aside. The contention is based upon the following colloquy involving the court, the defendant, and Deputy District Attorney Iverson:

"Mr. Iversen: Do you admit or deny the prior conviction?

"Defendant Martinez: I admit it.

"Mr. Iversen: One thing before the Judge enters that admission, this increases your punishment for the main charge from two years in the State Prison to 20 years in State Prison, and you are not eligible for probation.

"Do you understand that?

"Defendant Martinez: (No response).

"The Court: Did I hear you, Mr. Martinez?

"Defendant Martinez: No. I was trying to think of what he said.

"The Court: All right.

"Defendant Martinez: Could you repeat that again?

"Mr. Iversen: It increases your punishment from two years to 20 years in the State Prison.

"Defendant Martinez: I don't understand that.

"Mr. Iversen: By admitting the prior, the punishment that you can receive for a violation of section 11377 is increased to a minimum of two years in the State Prison to 20 years in the State Prison.

"Do you understand that?

"The Court: Is that the maximum or the minimum?

"Mr. Iversen: Which is the maximum. 20 years is the maximum.

"Defendant Martinez: The minimum is two years?

"Mr. Iversen: Yes, it is.

"Defendant Martinez: O. K. I understand that then.

"The Court: Very well.

"Mr. Iversen: Having that in mind, do you reaffirm your admission of the prior?

"Defendant Martinez: Yes."

After some initial confusion, it is unmistakable that defendant understood that the prior conviction increased his minimum sentence from 1 to 2 years, and his maximum sentence from 10 to 20 years, and thus the requirements of *In re Yurko* (1974) 10 Cal.3d 857, 863-864 [112 Cal.Rptr. 513, 519 P.2d 561], were fulfilled.

## D

■ Defendant argues that his plea of guilty to the second offense should be set aside because he was not advised that it could result in revocation of his probation on the first offense. Despite our holding regarding such revocation, we properly consider this contention.

Defendant's plea of guilty to the second offense and admission of the prior conviction were made pursuant to a plea bargain in which two other pending criminal cases were dismissed. As we have seen, defendant was advised that as a consequence of his plea, he faced a possible sentence of from 2 to 20 years in state prison on the second offense. There was no reference to the first offense and nothing to suggest that there would be no sanction imposed for violation of probation.

As held in *People* v. *Searcie* (1974) 37 Cal.App.3d 204, 211 [112 Cal.Rptr. 267], a subsequent revocation of probation is a "collateral" rather than a "direct" consequence of the guilty plea, and thus defendant need not be advised of such consequences. As in *Searcie,* it is perfectly clear that defendant was not misled as to the plea bargain; "[A]t the time he entered his plea in each case, defendant personally was well aware of the pendency of the probation violation matter herein and an almost certain imposition of a state prison sentence." (*Searcie, supra* at p. 211.)

In the case at bench, appropriate and clear warnings had been given defendant in unequivocal terms at the time of sentence on the first offense; it would be utter nonsense to hold that such warnings counted for nothing and should have been repeated at the time of plea to the second offense.

In 3 Crim. 7746 (Placer County Superior Court No. 38815) the order revoking probation is reversed, with directions to the superior court to enter an order vacating the judgment and to furnish the Department of Corrections with a certified copy of that order.

In 3 Crim. 7680 (Placer County Superior Court No. 41393) the judgment is affirmed.

Janes, Acting P. J., and Evans, J., concurred.

A petition for a rehearing was denied on April 30, 1975, and the following opinion was then rendered:

THE COURT.—In his petition for rehearing, the Attorney General voices certain concerns, which suggest a misconception of a portion of the language of our opinion. We herewith clarify:

The 30 day requirement of section 1203.2a is triggered by actual confinement in prison for the later offense, not by mere sentence. Thus our opinion is not to be interpreted as suggesting that if a defendant is sentenced to prison on a second offense but released on bail pending appeal, the court which gave him probation on the first offense must commit him to prison within 30 days after acquiring knowledge of the second disposition or lose jurisdiction over him.

In the case at bench the probation officer,s report filed in the first case states in part: "On May 16, 1974 the defendant appeared in Superior Court on this matter [the second offense], probation was denied, *and he was committed to the California Department of Corrections.*" We interpret the italicized words to mean that defendant was actually physically confined in prison. If such were not the case, the probation report would and should contain such contrary information.