[Crim. No. 43471. Second Dist., Div. Five. Mar. 17, 1983.]

In re GUILLERMO CALVILLO FLORES on Habeas Corpus.

COUNSEL

Wilbur L. Littlefield, Public Defender, Laurence M. Sarnoff, Edward J. Carney and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

George Deukmejian and John Van de Kamp, Attorneys General, Robert H. Philibosian and Daniel J. Kremer, Chief Assistant Attorneys General, S. Clark Moore, Assistant Attorney General, Robert F. Katz, Shunji Asari, Juliet H. Swoboda and Lisa B. Lench, Deputy Attorneys General, for Respondent.

OPINION

**FEINERMAN, P. J.**—Petitioner seeks a writ of habeas corpus, contending that the state's failure to dispose of pending probation violation charges, while he was in federal custody, precluded his incarceration as a probation violator at the conclusion of his federal sentence. We have determined that petitioner is entitled to the relief he seeks, albeit for reasons other than those he asserts.

In December 1975, having previously pled guilty to a charge of possession of narcotics for sale (Health & Saf. Code, § 11351), petitioner was sentenced to state prison. Sentence was suspended and petitioner was placed on five years' probation, conditioned, among other things, on his serving one year in county jail. Petitioner escaped after spending 78 days in county jail. The Los Angeles County District Attorney filed complaints against petitioner charging him with escape and with violation of probation. Warrants were issued for his arrest.

When next heard from, petitioner was incarcerated at the Federal Correctional Institution at Lompoc, California, having, in the interim, been convicted of federal crimes. Detainers were lodged against him pursuant to the outstanding state warrants. In March of 1978, at petitioner's request, George Stanley, the Administrative Systems Manager at Lompoc, advised the Los Angeles County District Attorney of petitioner's place of confinement and of his desire to promptly resolve the two charges pending against him, as provided for in the Interstate Agreement on Detainers. (Pen. Code, § 1389.)[1]

Section 1389 provides for speedy trial of untried indictments, informations or complaints. Upon receiving the communication from Stanley, the district attorney dismissed the pending escape charge. He then notified Stanley of the dismissal and advised him that section 1389 was not applicable to the pending probation violation, as to which the detainer was maintained.

---

[1]All further statutory references are to the Penal Code unless otherwise indicated.

On December 7, 1979, petitioner filed an "Application for Speedy Trial" in the Los Angeles Superior Court in which he demanded trial within 70 days, or dismissal, of the charge contained in the pending detainer. He cited no California statute in support of his request. The superior court denied the "application," but directed the district attorney to send petitioner a letter explaining the People's position on his case. In response to this order, the prosecutor sent petitioner a letter stating that the district attorney's position remained unchanged, and enclosed a copy of the letter which the prosecutor had earlier sent to Stanley. In January 1980 petitioner filed a petition for writ of habeas corpus in superior court, alleging a loss of state jurisdiction and requesting immediate dismissal of the probation violation charge. The theory he asserted, and the authorities he cited, were inappropriate. The superior court summarily denied the petition. Petitioner apparently made no effort at that time to seek appellate relief through a habeas corpus petition.

In August of 1982 petitioner completed his term in federal custody and was delivered to the Los Angeles County Superior Court pursuant to the probation violation detainer. Counsel was appointed to represent him. Petitioner did not attempt to contest the substantive merits of the charge. His counsel did argue, however, that petitioner was entitled to credit for time spent in federal custody after he had requested a hearing on the probation violation. Counsel cited no statute to support his proposition. The argument was rejected and the court sentenced petitioner to state prison, giving him credit only for the 78 days he had spent in county custody prior to his escape.

Petitioner then filed the within petition in which he claimed a right to relief under section 1381.5. That statute, which applies specifically to federal prisoners, provides a mechanism whereby such a prisoner may receive a speedy trial, in state court, of pending state criminal charges "or any criminal proceeding wherein the defendant *remains to be sentenced* . . . ." (Italics added.)

Since sentence was imposed on petitioner prior to proceedings being suspended and his being placed on probation, section 1381.5 is inapplicable to him. (*Boles* v. *Superior Court* (1974) 37 Cal.App.3d 479 [112 Cal.Rptr. 286].) We, therefore, initially denied the petition.

Upon petition to the Supreme Court, that court granted a hearing, retransferred the matter to the Court of Appeal and ordered the Director of Corrections to show cause before this court why petitioner's unsuccessful requests for the prompt disposition of the pending probation violation charge should not have been recognized and treated as requests pursuant to section 1203.2a. We have concluded that the Director of Corrections has failed to show any sufficient reason for not granting petitioner relief via section 1203.2a.

Section 1203.2a provides for the disposition, in absentia, of probation violation charges pending against a defendant who subsequently has been committed to a prison in this state on a new conviction. Technically, petitioner was so committed, since the federal prison to which he was committed was located in this state. Any questions we might have had as to the Legislature's intent to include commitment to a federal prison located in California within the purview of section 1203.2a are rendered moot by *Hayes* v. *Superior Court* (1971) 6 Cal.3d 216 [98 Cal.Rptr. 449, 490 P.2d 1137], certiorari denied 406 U.S. 940 [32 L.Ed.2d 328, 92 S.Ct. 2048], which held that equal protection considerations required extension of the benefits of section 1203.2a to inmates whose subsequent conviction was in another state.

Section 1203.2a makes separate provision for defendants who were placed on probation without imposition of sentence and those on whom sentence was imposed prior to suspension of proceedings and placement on probation. As to the first category, the court which releases the defendant on probation has jurisdiction to impose sentence in the absence of the defendant, provided the defendant, through counsel, requests imposition of sentence, or personally, in writing, requests imposition of sentence and waives his right to be present and to be represented by counsel.

As to defendants upon whom sentence was imposed prior to their being placed on probation, section 1203.2a provides that upon learning of the defendant's confinement on the new conviction, the court which released him on probation "shall issue its commitment." The statute further provides, "If the case is one in which sentence has previously been imposed, the court shall be deprived of jurisdiction over defendant if it does not issue its commitment or make other final order terminating its jurisdiction over defendant in the case within 60 days after being notified of the confinement."

In their written return to the order to show cause, the People argue that section 1203.2a is inapplicable because petitioner did not waive his rights to a hearing, to be present, or to an attorney in his requests for immediate disposition of the probation violation matter. The People argue that absent such waivers, the court could not revoke probation or implement the previously imposed sentence.

To the extent that the People are asserting noncompliance by petitioner with the statute, their point is not well taken. As noted, a request by the defendant for sentencing in absentia and waivers of the right to a hearing and to counsel, are the triggering mechanisms which confer jurisdiction on the trial court only in cases where sentence previously has not been imposed. Where, as in petitioner's case, sentence has been imposed, section 1203.2a calls for mandatory summary action by the court within 60 days of learning of the defendant's confinement on the new conviction.

To the extent that the People are pointing out a constitutional defect in the statute, their point is well taken. █ A defendant who was sentenced prior to being placed on probation has a right to a hearing, to be present, and to be represented by counsel when probation is revoked, just as does the defendant who was placed on probation without sentence having been imposed. (*Morrissey* v. *Brewer* (1972) 408 U.S. 471 [33 L.Ed.2d 484, 92 S.Ct. 2593]; *People* v. *Vickers* (1972) 8 Cal.3d 451 [105 Cal.Rptr. 305, 503 P.2d 1313].)[2] The right to a revocation hearing exists even though the probationer has been convicted of a new crime. Summary revocation of probation is not appropriate following a new conviction unless the probationer waives his right to a formal revocation hearing. (*People* v. *Coleman* (1975) 13 Cal.3d 867, 895, fn. 22 [120 Cal.Rptr. 384, 533 P.2d 1024].)

By limiting the requirements of constitutional waivers to probationers on whom sentence has not previously been imposed, section 1203.2a ignores the constitutional rights of those on whom sentence was imposed prior to their being placed on probation.

Petitioner herein at no time waived his right to a hearing, to be present, or to be represented by counsel. We could debate endlessly and unproductively the question of whether the trial court could lose jurisdiction over petitioner, pursuant to section 1203.2a, by failing to issue its commitment order within 60 days, when, if it had acted summarily as called for by the statute, it would have violated petitioner's constitutional rights.

Petitioner, however, needs a practical answer to the far simpler question of whether his incarceration may continue or must terminate. The answer to that question is provided by *People* v. *Martinez* (1975) 46 Cal.App.3d 736 [120 Cal.Rptr. 362, 121 Cal.Rptr. 443]. In *Martinez,* after the defendant purported to waive his rights pursuant to section 1203.2a, his probation was revoked. On appeal he complained that his waivers were inadequate. The court held that the waivers were irrelevant because sentence had been imposed on Martinez prior to his being placed on probation, and section 1203.2a therefore required the trial court to issue its commitment order summarily. The court further held that the trial court had failed to act within the statutory time limit, then 30 days, and had therefore lost jurisdiction. (*People* v. *Martinez, supra,* 46 Cal.App.3d at pp. 740-743.)

---

[2]The right to counsel at a probation violation hearing has been held to be of constitutional dimension for defendants on whom sentence was never pronounced. (*Mempa* v. *Rhay* (1967) 389 U.S. 128 [191 L.Ed.2d 336, 88 S.Ct. 254].) The United States Supreme Court left open for decision on a case-by-case basis the question of the right to counsel at a probation violation hearing where sentence previously had been imposed. (*Gagnon* v. *Scarpelli* (1973) 411 U.S. 778 [36 L.Ed.2d 656, 93 S.Ct. 1756].) In California, there is a right to counsel, as a judicially declared rule of criminal procedure, in all formal proceedings for the revocation of probation. (*People* v. *Vickers, supra,* 8 Cal.3d 451, 461-462.)

In a footnote, the court pointed out that the summary revocation procedures, provided for in section 1203.2a, had been modified by *Morrissey* v. *Brewer, supra,* 408 U.S. 471; *People* v. *Vickers, supra,* 8 Cal.3d 451, and their progeny, and that under those cases defendants had the right to a hearing, to be present and to counsel, even when sentence had been imposed before they were placed on probation. (*People* v. *Martinez, supra,* 46 Cal.App.3d at p. 741, fn. 2.) The court suggested that the Legislature might wish to expand the time limit specified for the court to act under section 1203.2a to accommodate the alterations in revocation procedures mandated by *Morrissey* and *Vickers.* The court, in *Martinez,* did not expressly advise the Legislature to extend the waiver provisions to probationers who were sentenced before being placed on probation. The Legislature heeded the court's advice in *Martinez* and expanded from 30 days to 60 days the time within which the trial court might issue its commitment order. The Legislature has done nothing, however, to correct the far more serious constitutional problem to which *Martinez* directed its attention.

■ The fact that section 1203.2a, as it now reads, poses a dilemma for trial courts should not be utilized to obscure the obvious intent of the Legislature, which was to guarantee that probation violations would be disposed of during the term of confinement on a new conviction. It is quite obvious that it was also petitioner's desire to dispose of the violation during his federal confinement. The dilemma created by the Legislature cannot be used to deprive him of the benefit which the statute was intended to confer upon him. We would strongly advise the Legislature, if it wishes to retain the policy embodied in section 1203.2a, to amend that statute to make the requisite constitutional waivers applicable to all probationers.[3] In the meantime, we believe that *People* v. *Martinez, supra,* 46 Cal.App.3d 736, stated the correct rule in a situation analogous to petitioner's, and that a similar result is mandated in this case.[4]

The writ is granted. Petitioner is ordered discharged from custody.

Stephens, J., and Hastings, J., concurred.

A petition for a rehearing was denied April 11, 1983, and respondent's petition for a hearing by the Supreme Court was denied May 19, 1983.

---

[3]Absent express provision in the statute, probationers are not put on notice of the need to waive their *Morrissey* and *Vickers* rights in order to enable the trial court to dispose of the pending probation violation.

[4]We note that *Pompi* v. *Superior Court* (1982) 139 Cal.App.3d 503 [189 Cal.Rptr. 52], also reached the same result, without discussing the constitutional defect in section 1203.2a.