[Crim. No. 40731. Second Dist., Div. Five. Aug. 5, 1982.]

In re CHARLES P., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
CHARLES P., Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Carol Leslie Hamilton, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Howard J. Schwab and Shunji Asari, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

FEINERMAN, P. J.—Charles P., a minor, appeals from an adjudication of the juvenile court ordering him to remain a ward of the court, pursuant to section 602 of the Welfare and Institutions Code, terminating a prior order of home on probation and ordering him to be suitably placed. The trial court's order was based upon a finding that the appellant had unlawfully taken and driven an automobile without the consent of the owner, his mother, in violation of Vehicle Code section 10851.

The appellant contends that the trial court committed reversible error by admitting into evidence his confession. Three reasons are advanced for this thesis: (1) that minors are not capable of waiving their constitutional rights without the guidance of an informed and interested adult; (2) that his *Miranda* (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]) waiver was invalid as a matter of law because he was not advised of his right to have his parents or an interested adult present during his interrogation; and (3) that under the "totality of circumstances" test his *Miranda* waiver was invalid.

We have examined the record and find no merit in the appellant's contentions. Accordingly, we affirm the judgment of the juvenile court.

The appellant was 12 years of age when he was arrested on June 20, 1981. At that time he was a ward of the court and was on probation. His mother testified that he had taken her car without her consent on May 6, 1981, and that she had advised her son, after the May 6 incident, that it was wrong to take the car and that he would be in violation of his probation if he took the car again. She opined that he knew the difference between right and wrong.

Deputy Sheriff Mumby, the arresting officer, had found the appellant seated behind the wheel of his mother's automobile after the appellant had run out of gas on his way to a roller skating center. The arrest was based on prior information the officer had received about the appellant and the missing vehicle. Another officer, Deputy Sheriff Nelson, gave the appellant his *Miranda* rights. He read these rights from a card utilized for that purpose.[1]

Deputy Nelson asked the appellant whether he understood each of the rights explained to him, and the appellant answered "yes." In response to further questions from Deputy Nelson, the appellant indicated that he was willing to talk about the case and that he did not want a lawyer. Nelson then advised the appellant that if he went to court "it's automatic that he will have a lawyer." After the *Miranda* admonition, the appellant admitted taking and driving his mother's car without her consent.

In voir dire examination Deputy Nelson indicated that he had advised the appellant of his *Miranda* rights in a prior arrest. Nelson stated that he did not ask the minor "if he wanted to have his mother present."

■ In *People* v. *Lara* (1967) 67 Cal.2d 365, 383 [62 Cal.Rptr. 586, 432 P.2d 202], a general rule for the guidance of courts in this area was established as follows: ". . . a minor has the capacity to make a voluntary confession, even of capital offenses, without the presence or consent of counsel or other responsible adult, and the admissibility of such a confession depends not on his age alone but on a combination of that factor with such other circumstances as his intelligence, education, experience, and ability to comprehend the meaning and effect of his statement."

The appellant is requesting this court to reject the "totality of circumstances" test and adopt a rule requiring the presence of a parent, attorney, or other interested adult before a minor can waive constitutional rights. We decline to do so. We believe the current standard is a flexible one and all salient considerations can be properly evaluated under the existing rule. A presumption that all minors are incapable of a knowing, intelligent waiver of constitutional rights is a form of stereo-

---

[1] Officer Nelson described the form utilized for the recitation of *Miranda* rights as a "SHAD 477."

typing that does not comport with the realities of every day living in our urban society. Many minors are far more sophisticated and knowledgeable in these areas than their parents. Obviously, some are not. The guidelines set forth in *Lara*, properly applied, can benefit the total community more than the slot machine approach advocated by the appellant. (See *Fare* v. *Michael C.* (1979) 442 U.S. 707, 724-726 [61 L.Ed. 2d 197, 211-213, 99 S.Ct. 2560].)

■ Appellant's contention that the failure of the sheriffs to inform him of his right to consult with his parents vitiated his confession is not supported by existing case law. *People* v. *Burton* (1971) 6 Cal.3d 375 [99 Cal.Rptr.1, 491 P.2d 793] did not establish a requirement of an advisement. *Burton* held that a minor's confession was unlawfully obtained when it was made after he had invoked his Fifth Amendment rights by requesting to see his parents and that request had been denied. (*Id.*, at pp. 383-384.)

■ In applying the "totality of the circumstances" rule to the facts of the instant case, we are mindful of the fact that "[w]e must make all reasonable inferences to support the findings of the juvenile court and we must review the record in the light most favorable to the juvenile court order. [Citation.]" (*In re Charles G.* (1979) 95 Cal.App.3d 62, 67 [156 Cal.Rptr. 832].)

The fact that the appellant was only 12 years of age at the time the offense was committed requires strict scrutiny of the record. We have done so and find that the conclusions of the trier of fact were reasonable under the circumstances of this case. Appellant was a worldly 12-year-old. He was on probation and had been advised of his *Miranda* rights on a prior occasion by Deputy Nelson. Considering the fact that the appellant had a prior experience with the juvenile court, it would be reasonable to assume that he knew what the role of an attorney was in the juvenile law process. At no time did the appellant's actions or words suggest a lack of understanding of his rights.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.