[No. H002794. Sixth Dist. Feb. 8, 1988.]

In re JOHN S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
JOHN S., Defendant and Appellant.

**[Opinion certified for partial publication.†]**

† Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication. The parts to be published follow.

COUNSEL

Ann Jory, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, David D. Salmon and Peter Crook, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

AGLIANO, P. J.—John S., a 15-year-old minor, appeals from an order declaring him to be a ward of the juvenile court pursuant to Welfare and Institutions Code section 602. The order is based upon findings that he had committed two counts of lewd and lascivious conduct (Pen. Code, § 288, subd. (a)) and one count of oral copulation (Pen. Code, § 288a, subd. (b)(1)). Two additional counts (lewd and lascivious conduct and oral copulation) were dismissed for lack of evidence. At the dispositional hearing, the minor was removed from the custody of his parents and he was committed to the California Youth Authority (CYA) for a period not to exceed 10 years and 8 months.

The minor raises the following contentions: (1) his confession was unlawfully obtained and thus inadmissible; (2) his commitments for lewd and lascivious conduct and oral copulation constitute double punishment; (3) his commitment to CYA was an abuse of discretion; and (4) the court failed to exercise its discretion to impose concurrent, as opposed to consecutive, terms. We reject these contentions and affirm the order.

Because the minor does not challenge the sufficiency of the evidence to support the findings, we but briefly recite the facts. Justin M., five years old, testified that while he was at the minor's house, the minor put his tongue on Justin's mouth. The minor then pulled Justin's pants down and had anal intercourse with him. The minor also kissed him on his penis.

Lontee B., 11 years old, testified that in March 1986, he and the minor were at Levin Park with two other children. The minor touched Lontee's penis.

The minor testified and denied the children's testimony.

 The minor first contends his confession was unlawfully obtained, claiming that when his parents sought to see him in the police station the police had a duty to desist from questioning him and to advise him of his right to speak with his parents.

Officer Rossetto interviewed the minor at the police station. Prior to the interview he advised the minor of his *Miranda* rights (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R. 3d 974]). He explained each right to the minor after he read it to him and the minor appeared to understand. The minor then waived his rights. The minor's mood was good and he appeared calm under the circumstances. He denied the allegations and gave his version of the events involving the victim, Justin M.

Officer Rossetto interrupted the interview when he was informed that the minor's father had arrived and wanted to speak to the minor. Officer Chris Comfort then interrogated the minor. According to Comfort, the minor was not upset. At first, the minor denied the charges, but then he admitted to "french" kissing Justin after Justin asked him to show him how. He also admitted touching his mouth to Justin's penis. As the interview progressed, the minor became more upset and started crying. He said he did not tell the truth at first because he did not want his friends to know. Comfort told him that the sooner he cooperated, the sooner he would receive counseling. The interview between Comfort and the minor lasted between 15 minutes and half an hour.

When Officer Rossetto returned from speaking to the minor's father, Comfort informed him that the minor had admitted the acts he had previously denied. The minor was upset and crying and repeated what he had told Comfort.

Florence S., the minor's mother, testified she went to the Milpitas Police Department and asked to see her son. Her request was denied. John S., the minor's father, testified that he also went to the Milpitas Police Department that same night. He was told that the police were still questioning his son and that an officer would speak to him. When Mr. S. asked Officer Rossetto if he could see his son, Rossetto told him they were interrogating the minor and then explained the charges against him.

The minor testified that he was taken to the police station where Officer Rossetto read him part of the *Miranda* card, but did not refer to his right to have counsel present. The minor denied the allegations. As the interview ended, he heard his mother yelling in the lobby. Rossetto then told him he was going to speak with his father. Although the minor was aware that both of his parents were present in the police station, he did not ask to speak with them. After Rossetto left, Officer Comfort came and told him that if he confessed he could go home. The minor confessed, but when Officer Rossetto returned, the minor told him he had lied.

■ A minor may waive his constitutional right against self-incrimination. ■ The admissibility of a confession depends upon the totality of the circumstances which existed at the time the confession was obtained. (*People* v. *Lara* (1967) 67 Cal.2d 365, 389 [62 Cal.Rptr. 586, 432 P.2d 202], cert. den. *Lara* v. *California* (1968) 392 U.S. 945 [20 L.Ed.2d 1407, 88 S.Ct. 2303].) Included in the totality of circumstances standard are such factors as age, intelligence, education and ability to comprehend the meaning and effect of a confession. (*Id.* at p. 383.) ■ With respect to any requirement of parental consent to a minor's waiver, the Supreme Court in *Lara* stated: "We cannot accept the suggestion of certain commentators (see 7 Santa Clara Lawyer 114, 127 (1966); 40 Wash. L.Rev. 189, 200-201 (1965)) that every minor is incompetent as a matter of law to waive his constitutional rights to remain silent and to an attorney unless the waiver is consented to by an attorney or by a parent or guardian who has himself been advised of the minor's rights. Such adult consent is of course to be desired, and should be obtained whenever feasible. . . . [A] mere failure of the authorities to seek the additional consent of an adult cannot be held to outweigh, in any given instance, an evidentially supported finding that such a waiver was actually made." (*Id.* at pp. 378-379.)

In *People* v. *Burton* (1971) 6 Cal.3d 375 [99 Cal.Rptr. 1, 491 P.2d 793], the minor, while in custody, requested to speak with his father. The court found such conduct during interrogation was inconsistent with a willingness to discuss the case with the police at that time and thus amounted to an invocation of his Fifth Amendment privilege against self-incrimination. (*Id.* at pp. 383-384.) The court, however, did not hold that the police must advise a minor that he or she has the right to speak to a parent, in addition to the right to an attorney, prior to custodial interrogation. Nor did the court deem it material that the minor's father, who was present at the police station, had asked to see the minor.

Consistent with *Lara* and *Burton,* other courts have declined to impose a requirement that police advise minors of a right to speak with parents or to

have a parent present during questioning. (*People* v. *Maestas* (1987) 194 Cal.App.3d 1499 [240 Cal.Rptr. 360]; *In re Jessie L.* (1982) 131 Cal.App.3d 202, 215 [182 Cal.Rptr. 396]; See also *In re Charles P.* (1982) 134 Cal.App.3d 768, 772 [184 Cal.Rptr. 707]; *In re Anthony J.* (1980) 107 Cal.App.3d 962, 974 [166 Cal.Rptr. 238].)

The minor contends however that the rule is otherwise when parents are present and seek to speak to the minor. In *In re Patrick W.* (1980) 104 Cal.App.3d 615 [163 Cal.Rptr. 848] (cert. den., *California* v. *Patrick W.* (1981) 449 U.S. 1096 [66 L.Ed.2d 824, 101 S.Ct. 893]), the minor was in custody on a charge of murdering his father. The Court of Appeal held that when the minor's grandparents registered in a nearby motel and were available to speak to the minor, the police had a duty to inform the minor of his right to see them and to afford him the opportunity to do so before any interrogation occurred. (*Id.* at pp. 617-618.)

We decline to follow *Patrick W.*, however, because of its manifest departure from the holdings of the Supreme Court in *Lara* and *Burton*. In addition, *Patrick W.* is factually distinguishable from the instant case. In *Patrick W.*, the court focused on the fact that the minor was only 13 years old. Indeed, Justice Jefferson expressed the view in a concurring opinion that a minor under the age of 14 does not have the capacity to waive *Miranda* rights. (*Id.* at p. 619.) The court also observed that the minor had first asked and then declined to talk to his mother and was unaware his grandparents were available to speak with him. Further, the minor had expressed uncertainty when asked if he wanted to consult with an attorney. The *Patrick W.* court converted to a requirement the mere desirability expressed in *Lara* that whenever feasible an adult give consent to any *Miranda* waiver by a minor. (*Id.* at p. 618.) *Lara* made clear, however, that the failure of police to seek the additional consent of a parent would not invalidate an otherwise valid waiver by a minor.

Here the minor, a 15-year-old, was informed of his *Miranda* rights. He indicated to the officer in a calm manner that he understood his rights, that he wanted to, and in fact did, waive them. He now makes no claim that, based on his level of maturity, intelligence or education, he was unable to make an intelligent and knowing waiver. Further, the minor was aware that his parents were present in the police station, but, unlike *Burton,* he made no request to speak with them. He had also been warned by his mother, when he was initially taken into custody, not to speak with the police. Thus, the record supports the trial court's finding that his confession was freely

and voluntarily made after a knowing and intelligent waiver of his constitutional rights.*

· · · · · · · · · · · · · · · · · ·

The order is affirmed.

Brauer, J., and Capaccioli, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 25, 1988. Mosk, J., was of the opinion that the petition should be granted.

---

* See footnote, *ante,* page 441