[No. D017125. Fourth Dist., Div. One. Mar. 29, 1993.]

THE PEOPLE, Plaintiff and Respondent, v.
ADAM TIMOTHY MORTERA, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

**COUNSEL**

Alisa M. Weisman, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Garrett Beaumont and Nancy L. Palmieri, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

FROEHLICH, J.—An information charged Adam Timothy Mortera with murder (Pen. Code,[2] § 187) with allegations he was armed with a firearm (§ 12022, subd. (a)(1)), personally used a firearm (§ 12022.5, subd. (a)) and caused the death of the victim as a result of discharging a firearm from a motor vehicle (§ 12022.55). Mortera pleaded not guilty and denied the allegations.

Mortera later withdrew his not guilty plea and pleaded guilty to second degree murder (§§ 187, subd. (a), 189). In exchange, the prosecution agreed to dismiss the balance of the information. After the court denied Mortera's request to withdraw his guilty plea, it sentenced him to prison for an indeterminate term of 15 years to life; it ordered him housed at the California Youth Authority because he was under the age of 21 when he committed the crime; and it awarded him 337 days of actual custody credit plus 168 days of conduct credit for a total of 505 days.

On appeal, Mortera contends the court erred in (1) refusing to permit him, as a minor, to disaffirm his plea bargain contract under Civil Code section 35, and (2) calculating the amount of his presentence credits. We conclude the court properly denied Mortera's motion to withdraw his guilty plea. We further conclude Mortera is entitled to additional presentence credits and accordingly affirm the judgment as modified.

### FACTS

About 12:40 a.m. on January 21, 1991, Mortera, Ramon Borboa and Raymond Carrasco were seen driving in a light-colored Mustang in Logan Heights. Borboa was driving, Mortera was in the front passenger seat and Carrasco was in the backseat behind the driver. Either Carlos Mendez or Cesar Ramos was the right rear passenger. The car circled the intersection of Martin and 30th streets several times. The fourth time it circled, Mortera fired a gun from the front passenger seat, killing Jose Alberto Vasquez.

---

[2]All statutory references are to the Penal Code unless otherwise specified.

DISCUSSION

I

■ Mortera contends the court erred in denying his motion to withdraw his guilty plea under Civil Code section 35, which allows a minor[3] to disaffirm contractual obligations. Although Mortera admits no authority exists for this proposition, he argues by analogy a plea bargain is a contractual relationship subject to many basic civil contractual principles, including disaffirmance.

Civil Code section 35 provides: "In all cases other than those specified in Sections 36 and 37, the contract of a minor may be disaffirmed by the minor himself, either before his majority or within a reasonable time afterwards; or, in case of his death within that period, by his heirs or personal representatives." This section applies only to civil contracts entered into by a minor. It has never applied to pleas of guilty in a criminal action, nor should it. Criminal proceedings and civil proceedings entertain different objectives. ■ In a criminal proceeding involving a guilty plea, the court must ascertain if the defendant, either juvenile or adult, has been apprised of his or her constitutional rights and has knowingly and intelligently waived them. In considering a motion to withdraw a guilty plea, the trial court must evaluate whether the defendant has presented sufficient information to show he entered the guilty plea under a mistake, an inadvertence or any other factor overreaching his free and clear judgment. (§ 1018; *People* v. *Superior Court* (1974) 11 Cal.3d 793, 797 [114 Cal.Rptr. 596, 523 P.2d 636].) Allowing a defendant to withdraw a guilty plea is within the sound discretion of the trial court after due consideration of the factors necessary to bring about a just result. (*People* v. *Hightower* (1990) 224 Cal.App.3d 923, 928 [274 Cal.Rptr. 201].) ■ In this regard, guilty pleas are not contracts. Criminal proceedings determine culpability and responsibility for criminal acts, not the contractual rights between two parties.

■ In contrast, in a proceeding under Civil Code section 35, the court's obligation is to ensure that unfair advantage is not taken of minors who have assumed contractual obligations. (See *Doyle* v. *Giuliucci* (1965) 62 Cal.2d 606, 609 [43 Cal.Rptr. 697, 401 P.2d 1].) Nevertheless, the ability of a minor to disaffirm contracts is not without its limitations. A minor may not disaffirm contractual obligations entered into for necessities for his support or that of his family when not under the care of a parent or guardian able to provide for them, or contracts which have been approved by a court for

---

[3]At the time Mortera pleaded guilty, he was 17 years old. He sought to withdraw his plea shortly after attaining the age of majority and before sentencing.

artistic, creative or professional sports services. (Civ. Code, § 36.) Similarly, a minor cannot disaffirm an otherwise valid obligation entered into under the express authority of a statute. (Civ. Code, § 37.) ▮ Although a plea of guilty is not expressly excluded under this statutory scheme, we cannot fathom the Legislature intended to include it. Nor can we logically analogize an admission of guilt to the purchase of a stereo.

Even in the context of a juvenile court proceeding, Civil Code section 35 does not apply to admissions. Juvenile courts routinely entertain motions to withdraw admissions. (See Welf. & Inst. Code, § 775 [juvenile court's order regarding person subject to its jurisdiction may be modified or set aside at any time].) Nothing in the law applicable to the juvenile courts entitles a minor to withdraw an admission based solely on his age. (See *In re Gary O.* (1978) 84 Cal.App.3d 38, 41-42 [148 Cal.Rptr. 276].)

Here, Mortera was charged as an adult and entered his plea as an adult. He freely and voluntarily admitted committing murder. Mortera does not claim, nor does the record support, he was coerced or unduly influenced. He may not simply void the plea because he was a minor. Thus, the court properly denied his motion to withdraw his guilty plea.

II*

. . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is modified to reflect a total of 631 days of presentence credit. The superior court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections. In all other respects, the judgment is affirmed.

Kremer, P. J., and Work, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 23, 1993.

---

*See footnote 1, *ante*, page 861.