Filed 8/29/14

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| KEITH A. BROWN, | B249825 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC497928) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mary H. Strobel, Judge. Affirmed.

Keith A. Brown, in pro. per., for Plaintiff and Appellant.

John F. Krattli, County Counsel, Jennifer A. D. Lehman, Acting Assistant County Counsel, Edward L. Hsu, Deputy County Counsel, for Defendant and Respondent.

_____

Keith A. Brown appeals from an order sustaining respondent County of Los Angeles' demurrer without leave to amend.[1]  Appellant contends that, under civil contract law, his plea of guilty is invalid because he was a minor when it was entered.  Appellant may not challenge his criminal conviction by means of a civil lawsuit.  We affirm the order of dismissal.

## FACTUAL AND PROCEDURAL SUMMARY

In 1987, appellant pled guilty to second degree murder and was sentenced to seventeen years to life in prison.  In 2012, he filed this civil action against respondent, alleging "contract fraud" and seeking $30 million in damages and a declaration that his plea was void.  Appellant claimed that he was 16 years old at the time the plea was entered and that he was "coerced" to enter it.  He asserted the plea was entered pursuant to a plea bargain, in violation of Civil Code sections 38 and 1556, which provide that minors and persons "entirely without understanding" may not contract.  The trial court sustained respondent's demurrer without leave to amend, ruling that appellant could not rely on civil statutes to challenge a criminal judgment in civil court.  Appellant filed a notice of appeal from the court's minute order.  An order of dismissal was subsequently entered.

## DISCUSSION

When the trial court sustains a demurrer, we review the complaint de novo to determine whether it contains facts sufficient to state a cause of action.  (*Holland v. Jones* (2012) 210 Cal.App.4th 378, 381.)  We accept as true all properly pled material facts and consider matters subject to judicial notice.  (*Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1126.)

---

[1] We deem appellant's premature appeal from the nonappealable order sustaining a demurrer without leave to amend to be an appeal from the subsequent judgment of dismissal.  (See *Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1353, fn. 5.)

Appellant's civil challenge to his criminal conviction is barred by the established rule that civil actions may not be used to challenge "the validity of outstanding criminal judgments." (*Yount v. City of Sacramento* (2008) 43 Cal.4th 885, 893 (*Yount*), quoting *Heck v. Humphrey* (1994) 512 U.S. 477, 486 (*Heck*).) "'[I]n order to recover damages for . . . harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a [civil] plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus [citation].'" (*Id.* at p. 894.) Using a civil suit to collaterally attack an outstanding criminal conviction contravenes the "'"'strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'"'" (*Id.* at p. 897.)

Appellant's reliance on Civil Code sections 38 and 1556 to argue that plea bargains with minors are void as a matter of law is misplaced. Appellant argues that a plea agreement "is a form of contract," so it should be interpreted and enforced under general contract principles. (See *People v. Shelton* (2006) 37 Cal.4th 759, 767; *People v. Renfro* (2004) 125 Cal.App.4th 223, 230.) He then incorrectly assumes that since civil statutes govern contracts in general, they must govern plea bargains as well. As the court explained in *People v. Kim* (2011) 193 Cal.App.4th 1355, 1361–1362, on which appellant relies, the Penal Code governs the acceptance of plea bargains by the criminal court. The relevant considerations are whether the plea bargain was "freely and voluntarily made" and whether it has a factual basis. (See Pen. Code, § 1192.5; cf. Cal. Rules of Court, rule 5.778(c) & (e); *Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 791 [minor's admission of allegations in juvenile dependency proceeding is equivalent to guilty plea]; *In re Jermaine B.* (1999) 69 Cal.App.4th 634, 640 [principles underlying Pen. Code, § 1192.5 applicable to juvenile delinquency proceedings].) Since plea bargains are enforced by courts on "*due process* grounds," principles of contract law should not be imported wholesale into the plea bargaining process. (*Leo v. Superior Court* (1986) 179 Cal.App.3d 274, 283.)

In *People v. Mortera* (1993) 14 Cal.App.4th 861, 864 (*Mortera*), the court rejected a challenge to a guilty plea under former Civil Code section 35, which allowed a minor to disaffirm certain contracts. The court explained that "[i]n a criminal proceeding involving a guilty plea, the court must ascertain if the defendant, either juvenile or adult, has been apprised of his or her constitutional rights and has knowingly and intelligently waived them. In considering a motion to withdraw a guilty plea, the trial court must evaluate whether the defendant has presented sufficient information to show he entered the guilty plea under a mistake, an inadvertence or any other factor overreaching his free and clear judgment. ([Pen. Code,] § 1018; *People v. Superior Court* (1974) 11 Cal.3d 793, 797.)" (*Mortera*, at p. 864.) A defendant's age is one factor among many that may be relevant to the issue of voluntariness; it is not the sole factor. (See *In re Uriah R.* (1999) 70 Cal.App.4th 1152, 1158 [juvenile waivers generally valid]; *In re Charles P.* (1982) 134 Cal.App.3d 768, 772 [minor's age alone does not prevent waiver of rights].)

Dismissal of the complaint was proper because appellant has failed to state a cause of action.

## DISPOSITION

The order is affirmed. The parties are to bear their own costs on appeal.

**CERTIFIED FOR PUBLICATION**


EPSTEIN, P. J.

We concur:


WHILLITE, J.


MANELLA, J.

4