Filed 12/22/14  P. v. Mead CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Trinity)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>WILFRED JOSEPH MEAD,<br><br>        Defendant and Appellant. | C074649<br><br>(Super. Ct. Nos. 12F0106, 12F0144A, 13F0057) |

After pleading guilty to several charges surrounding the possession of methamphetamine, defendant Wilfred Joseph Mead informed the court at a sentencing hearing that he wanted to withdraw his guilty pleas.  Without inquiring into defendant's basis for withdrawing the pleas, the trial court denied the motion and sentenced defendant to six years in prison and two concurrent two-year sentences.

On appeal, defendant challenges the trial court's denial of his motion to withdraw his pleas, arguing the trial court abused its discretion and violated his right to due process and his counsel was ineffective.  We affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

Within one year, defendant was caught with methamphetamine on his person three times.[1] Three separate cases were filed against him. The first case charged defendant with possession and transportation of a controlled substance (felonies), possession of drug paraphernalia (misdemeanor), and driving on a suspended license (misdemeanor). It also alleged defendant had one conviction for driving on a suspended license, another conviction pending for driving on a suspended license, four prior prison terms, and an exemption from serving his sentence in local custody. The second case charged defendant with possession of a controlled substance (felony), possession of a controlled substance while armed (felony), transportation of a controlled substance (felony), and possession of drug paraphernalia (misdemeanor). This complaint alleged the same enhancements with an additional enhancement for being on bail when he committed these offenses. The third case charged defendant with transportation and possession of a controlled substance, and the aforementioned enhancements. At three different hearings, defendant pled not guilty to all charges and denied all allegations.

On July 31, 2013, defendant pled guilty to three counts of transportation of a controlled substance and one count of possession of a controlled substance while armed. He admitted one prior prison term and that he was exempt from serving his sentence in local custody. The remaining counts and allegations were dismissed.

On August 21, 2013, at the commencement of defendant's sentencing hearing for all three cases, defense counsel notified the court that defendant wanted to withdraw his guilty pleas in all three cases. Neither defendant nor defense counsel stated a basis for the withdrawal of the pleas. The trial court asked counsel for the People to respond to the request, and counsel argued against the motion, asserting that defendant entered into the

---

[1] The substantive facts underlying defendant's arrests and convictions are not included because they are not relevant to the disposition of this appeal.

pleas voluntarily and he should not be allowed to withdraw his pleas simply because he changed his mind.  The trial court then denied the motion and proceeded with sentencing.

## DISCUSSION

On appeal, defendant challenges the denial of his motion to withdraw his pleas arguing:  (1) the trial court abused its discretion and denied him his constitutional right to due process when it failed to inquire into the grounds for his request to withdraw his pleas; and (2) counsel was ineffective for failing to provide a basis for why defendant wanted to withdraw his pleas.

Penal Code[2] section 1018 provides that "the court may . . . for a good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted." The withdrawal of a plea is within the discretion of the trial court and its action must be upheld on appeal unless an abuse of discretion is clearly shown.  (*People v. Burkett* (1953) 118 Cal.App.2d 204, 209-210.)  So long as there exists "a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be [disturbed], even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action."  (*Harrison v. Sutter St. Ry. Co.* (1897) 116 Cal. 156, 161.)

I

*The Trial Court Had No Duty To Inquire Into The Basis For Defendant's Motion*

The first issue is whether the trial court denied defendant his constitutional right to due process or abused its discretion by not inquiring into defendant's grounds to withdraw his pleas.  First, section 1018 comports with the guarantee of due process of law.  (*People v. Hunt* (1985) 174 Cal.App.3d 95, 107.)  Therefore, if the trial court abided by the requirements of section 1018, it did not violate defendant's right to due process in denying his motion to withdraw the pleas.  (See *Hunt*, at p. 107.)  Second, section 1018

---

**2**      All section references hereafter are to the Penal Code.

3

gives absolute discretion to the trial court regarding whether to accept a plea by a represented defendant, and it contains no language that requires a court to positively inquire into the grounds for a plea withdrawal. (See § 1018.)

Defendant argues the trial court had a duty to inquire into his grounds for withdrawing his pleas. Not so. "On the contrary, the burden [i]s on the defendant, who [i]s asking leave to change his plea, to present clear and convincing evidence that the ends of justice would be subserved by permitting him to change his plea to not guilty." (*People v. Beck* (1961) 188 Cal.App.2d 549, 553.) Although we encourage trial courts to inquire into the basis for a defendant's motion to withdraw his plea, there is no affirmative duty of a trial court to inquire into a defendant's reasons. (*Ibid.*) "If defendant had any facts that would have shown or tended to show him to be innocent of the offenses charged, and he believed that such facts should persuade the trial court to exercise a favorable discretion toward allowing him to withdraw his pleas of guilty, the burden was on defendant to present such facts to the court." (*Ibid.*)

Defendant relies on *People v. Mortera* (1993) 14 Cal.App.4th 861 in an effort to show a positive duty of the trial court to make further inquiry before ruling on a motion. In *Mortera,* the appellate court stated that "the trial court must evaluate whether the defendant has presented sufficient information to show he entered the guilty plea under a mistake, an inadvertence or any other factor overreaching his free and clear judgment. [Citations.] Allowing a defendant to withdraw a guilty plea is within the sound discretion of the trial court after due consideration of the factors necessary to bring about a just result." (*Id.* at p. 864.)

Defendant argues that this language means the trial court must give the defendant an opportunity to explain the grounds to withdraw his pleas, weigh the factors presented by the defendant, and give those factors due consideration before making its decision. Defendant's argument is reasonable, but he takes that argument one step too far when he argues that "the trial court failed to make sufficient inquiry . . . to make its decision as to

4

whether he had just grounds to bring his motion." Although we agree that the language of *Mortera* supports the proposition that the trial court must allow the defendant to put forth any basis sufficient to show he did not enter into the plea voluntarily, nothing in *Mortera* suggests that the trial court has a positive duty to inquire into the grounds for support of the motion. (See *People v. Mortera*, *supra*, 14 Cal.App.4th at p. 864.) Therefore, defendant's contention that the trial court failed to make a sufficient inquiry lacks merit.

Defendant also argues that the trial court "failed to give defense counsel adequate time and opportunity to make this inquiry of his client." There is nothing in the record, however, that supports this assertion. Nothing in the record indicates the trial court interrupted defendant or his counsel or prevented either of them from providing a basis for the motion to withdraw his pleas. Nothing indicates that defendant or his counsel could not have spoken up at any time and provided a basis for the motion. Without evidence to suggest this, we cannot find that the trial court abused its discretion in denying defendant's motion.

II

*The Record Does Not Support A Finding Of Ineffective Assistance*

Defendant also argues his counsel was ineffective for failing to provide grounds for the withdrawal of his pleas. When a defendant complains of the ineffectiveness of counsel's assistance, he must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and, as a result, the defendant suffered prejudice. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-688 [80 L.Ed.2d 674, 693].) Reviewing courts defer to counsel's reasonable tactical decisions in examining a claim of ineffective assistance of counsel. (*People v. Lucas* (1995) 12 Cal.4th 415, 436.) "Tactical errors are generally not deemed reversible, and counsel's decisionmaking must be evaluated in the context of the available facts." (*People v. Bolin* (1998) 18 Cal.4th 297, 333.) When, as here, defense counsel's trial tactics or strategic

5

reasons for challenged decisions are not readily apparent from the record, we will not find ineffective assistance of counsel on appeal unless there could have been no conceivable tactical purpose for counsel's acts or omissions. (*People v. Earp* (1999) 20 Cal.4th 826, 896.)

The record on appeal does not allow us to find ineffective assistance of counsel because we cannot say defense counsel had no conceivable tactical purpose for his omissions. (See *People v. Earp*, *supra*, 20 Cal.4th at p. 896.) The record provides no indication of why defense counsel did not state the basis for defendant's motion to withdraw his pleas. Moreover, there is a conceivable tactical purpose for defense counsel's actions in this circumstance -- defense counsel may have known that defendant merely changed his mind and, in fact, had no valid grounds to withdraw his pleas. If this was the case, defense counsel was not required to make a motion to withdraw the pleas. (See *People v. Brown* (2009) 175 Cal.App.4th 1469, 1473 ["Counsel is not required to make legally unsupported motions"].)

Defense counsel did choose to relay defendant's request to the court, saying, "Your honor, Mr. Mead is here for sentencing, but has informed me that he would like to withdraw his pleas in the three relevant matters." That defense counsel informed the court of defendant's request does not mean, however, that defense counsel then had an obligation to make meritless arguments in support of that request. An attorney is "not required to make futile objections, advance meritless arguments or undertake useless procedural challenges merely to create a record impregnable to assault for claimed inadequacy of counsel." (*People v. Jones* (1979) 96 Cal.App.3d 820, 827.) Furthermore, as we have indicated already, the fact that defense counsel did not argue grounds for the motion does not establish inadequacy of counsel because there may not have been grounds for the motion. (See *People v. Waters* (1975) 52 Cal.App.3d 323, 330 ["Inadequacy of counsel is not established by counsel's failure to raise a defense which has no substantive merit"].)

DISPOSITION

The judgment is affirmed.


      ROBIE      , Acting P. J.


We concur:


      BUTZ      , J.


      DUARTE      , J.