Filed 6/26/15  In re Serena N. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re SERENA N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SERENA N.,<br><br>    Defendant and Appellant. | G050824<br><br>(Super. Ct. No. DL044399)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Deborah C. Servino, Judge.  Affirmed in part and reversed in part, with directions.

Kristen Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

Serena N. appeals from a juvenile court order denying her request to withdraw her admission she committed misdemeanor battery as contemplated by her plea agreement. She contends she completed probation successfully because she complied with all her probation conditions other than paying full victim restitution, which her financial situation precluded. We agree with Serena, and therefore reverse the order with directions to allow Serena to withdraw her admission and to convert the remaining restitution to a civil judgment.

I

FACTS AND PROCEDURAL BACKGROUND

In March 2013, the Orange County District Attorney filed a petition (Welf. & Inst. Code, § 602) alleging Serena (born February 1995) committed misdemeanor battery (Pen. Code, § 242) on January 11, 2013. Serena waived her rights and admitted the allegation in a plea agreement with the district attorney on the understanding she would be placed on supervised probation under various terms and conditions. The court declared her to be a ward of the court. Among other items, the disposition agreement specified Serena must serve 10 days in a work program; complete counseling as directed; attend a 10-week anger management program; write an apology letter to the victim; pay restitution as set by the court and directed by the probation department; pay a $50 restitution fine; submit to search and seizure; refrain from drug and alcohol use; possess no dangerous weapons; not associate with disapproved persons; have only peaceful contact with the victim (her father's girlfriend's daughter); maintain employment; and notify the probation officer of address changes. The agreement specified Serena could return in one year "and request a plea withdrawal, subject to the Court's discretion." The court ordered Serena to return to court in April 2014 for a "withdrawal plea and progress report or review."

In July 2013, Serena's father signed a stipulation (pay agreement) to pay $1,755.25 in victim restitution and the $50 fine in $50 monthly installments, beginning August 20, 2013.[1]

In August 2013, the probation officer petitioned to obtain relief from supervising Serena because she had "made a satisfactory adjustment and has derived maximum benefit from probation supervision." The probation officer reported Serena had completed her work program, anger management program, and had written the apology letter. She had enrolled at an Arizona university and was set to begin classes later that month. The officer recommended the court terminate Serena's wardship at the progress review scheduled for April 2014. The court granted the petition and relieved the probation officer from supervising Serena.

In April 2014, a different probation officer submitted a report recommending that Serena continue as a ward of the court. The report stated Serena had completed all her probation terms except payment of $1,755.25 in restitution, noting she currently owed $1,495.25 to the victim, and $50 in fines. Serena advised the probation officer in late March 2014 she thought her father was paying off her financial obligation and was surprised to discover he had discontinued payments. The probation officer directed her to pay off the obligation in full before the next court date. Serena explained she would not be able to attend the court hearing because classes were still in session.

---

[1] Presumably, Serena's father stipulated to pay restitution per Welfare and Institutions Code section 730.7, subdivision (a), which states in pertinent part: "In a case in which a minor is ordered to make restitution to the victim or victims, or the minor is ordered to pay fines and penalty assessments under any provision of this code, a parent or guardian who has joint or sole legal and physical custody and control of the minor shall be rebuttably presumed to be jointly and severally liable with the minor in accordance with Sections 1714.1 and 1714.3 of the Civil Code for the amount of restitution, fines, and penalty assessments so ordered, up to the limits provided in those sections, subject to the court's consideration of the parent's or guardian's inability to pay."

At the April 8, 2014 hearing, Serena's lawyer asked the court to allow Serena to withdraw her admission because she had complied with her probation terms apart from the restitution requirement. She asked the court to convert the restitution balance to a civil judgment. The court denied the request and continued her motion to withdraw so Serena could pay off the balance. The court reset the matter for August 2014 and ordered Serena to attend.

In August, Serena's lawyer advised the court Serena had made a $122 payment on May 19, 2014. He asked the court to allow Serena, who did not attend the hearing, to withdraw her admission, to terminate probation, and to convert the remaining restitution into a civil judgment, explaining Serena had "made whatever amounts she could towards that restitution." Counsel stated the court had offered to "terminate probation but not grant the plea withdrawal" and that counsel had been unable to contact Serena to determine whether she was amenable to this disposition. The court granted counsel's request to continue the hearing to September 9.

In September, Serena's counsel again asked the court to allow Serena to withdraw her admission and to convert the restitution to a civil judgment. He submitted Serena's declaration she attended college in Arizona as a full-time student since Fall 2013, she had moved home during the summer of 2014 hoping to find employment to pay off the restitution, but she did not find a job, and currently was working part-time at a retail store. She listed her monthly expenses, including anticipated tuition, and declared "[m]y parent and I have not had the financial ability to pay," but she agreed "that is not an excuse." She stated she did "not rely on [her] family for financial assistance as they are unable to help [] due to their own financial hardships. They have not paid towards my restitution, and will not pay for it if converted to a civil judgment. [Her] mother was

4

unemployed for some time, but also both [parents] get money support from the state for food. Now that [she took] out [her] own loans to pay for college and have a job I will pay the civil judgment."

The court denied Serena's request to withdraw her admission, stating Serena had "encumbered herself with additional student loans to a substantial amount, which doesn't really fall under . . . financial hardship that would be contemplated for the court to exercise its discretion." The court terminated the wardship and converted the remaining restitution to a civil judgment.

II

DISCUSSION

Serena contends she admitted committing battery on the understanding if she successfully completed probation the court would entertain a request to withdraw her admission. (See Welf. & Inst. Code, § 775 (all further references are to this code); *People v. Mortera* (1993) 14 Cal.App.4th 861, 865 [under section 775 "[j]uvenile courts routinely entertain motions to withdraw admissions"].) Serena argues she fulfilled her probation terms except for payment of the full amount of victim restitution because she lacked the financial ability to pay it. She asserts the juvenile court abused its discretion by refusing to allow her to withdraw her admission, and "essentially penalized her for her financial situation."

Section 730.6 requires a minor described in section 602 to pay restitution to the victim for economic losses (see, e.g., medical losses, lost wages) caused by the minor's conduct, and a restitution fine of not more than $100 for misdemeanors. (§ 730.6, subd. (a)(2)(A)-(B), (b)(2).) The court must order full restitution unless it finds

5

compelling and extraordinary reasons for not doing so, and states them on the record. (§ 730.6, subd. (h)(1).) A minor's inability to pay is not a compelling or extraordinary reason not to order restitution, nor is it a consideration in determining the amount of the restitution order. (*Ibid.*) The court may not revoke probation for failure to make restitution unless the court determines the person willfully failed to pay or failed to make sufficient bona fide efforts to legally acquire the resources to pay. (§ 730.6, subd. (m).) A restitution order is enforceable as a civil judgment, even after the minor is no longer on probation, until the obligation is satisfied. (§ 730.6, subds. (i), (r); see also Pen. Code, § 1214.)

Serena relies on *In re Timothy N.* (2013) 216 Cal.App.4th 725 (*Timothy N.*). There, a minor admitted committing residential burglary under a plea agreement that specified if the minor "'successfully complete[d] probation'" the prosecutor would dismiss the residential burglary allegation and reduce the charge to a misdemeanor. (*Id*. at p. 735.) One of the probation conditions was an order to pay restitution to the victims. The minor fulfilled all his probation conditions other than full payment of restitution. The trial court converted the remaining restitution obligation to a civil judgment and terminated jurisdiction based on the minor's compliance with the terms and conditions of his probation. But the court denied the minor's motion to dismiss the residential burglary allegation and to reduce the burglary charge to a misdemeanor because the minor had not paid the full amount of victim restitution.

*Timothy N.* reversed the trial's denial to dismiss the residential burglary allegation charge to a misdemeanor. The court relied on section 730.6, subdivision (m), which prohibits the juvenile court from revoking a minor's probation "on the ground that he or she has failed to pay the victim restitution as required by the court, unless the court

finds that the minor has willfully refused to pay or has not made sufficient bona fide efforts to acquire the funds necessary to fulfill the obligation." (*Timothy N.*, *supra*, 216 Cal.App.4th at p. 735.) Because the minor and his family lacked adequate resources to pay the full restitution amount during the probationary period, and there was no evidence the failure to pay was willful or that the minor failed to make a bona fide effort to pay, the juvenile court erred when it revoked probation for failing to pay restitution. Finally, the appellate court rejected the Attorney General's argument the minor did not successfully complete probation because he failed to pay the full amount of restitution. The court concluded the minor "would have reasonably believed that he would be deemed to have 'successfully complete[d] probation' if he had completed his term of probation without having engaged in conduct that provided a basis for the court to revoke his probation. [The minor] clearly met this standard." (*Ibid.*)

Here, it was not contemplated Serena would pay the full amount of restitution during the probation period. As noted, Serena's father agreed in July 2013 to pay $1,755.25 in victim restitution, and the $50 fine, in $50 monthly installments beginning August 20, 2013. As of April 2014, the date originally set for the progress report and the hearing on Serena's motion to withdraw her plea, only seven or eight payments totaling $350 or $400 would have been made. Serena did not learn until April 2014 her father was no longer making payments. Serena made a $122 payment on May 19, 2014. At the September 2014 progress hearing Serena presented uncontradicted evidence she did not have the ability to pay the balance of the restitution even though she had a part-time job. She submitted a list of her expenses, including tuition expenses of over $27,000, supporting her assertion. The record belies the juvenile court's observation Serena had "encumbered herself with additional student loans to a substantial amount,

7

which doesn't really fall under . . . financial hardship," because Serena took out her student loans before she learned her father could not pay the balance of the restitution owed. There was no evidence Serena's failure to pay more restitution was willful or that she failed to make a bona fide effort to pay. A reasonable person in Serena's position would have believed if she completed her probation without having engaged in conduct providing a basis for the court to revoke probation, the court would allow her to withdraw her admission. Because Serena fulfilled all of the other probation terms, the court erred by denying her request to withdraw her admission. Finally, as in *Timothy N.*, Serena's obligation to pay restitution continues because the victim may enforce the trial court's restitution order as a civil judgment.

The Attorney General argues Serena's claim fails because the court did not promise or agree to allow Serena to withdraw her plea if she failed to satisfy her restitution obligation. But Serena does not claim the court violated an express promise under her plea agreement. Rather, Serena contends she successfully completed probation "without having engaged in conduct that provided a basis for the court to revoke [] probation." (*Timothy N., supra,* 216 Cal.App.4th at p. 735.) Before entering her plea, Serena's lawyer informed the court she had advised Serena of the District Attorney's offer, which included various conditions, including a "one year plea withdrawal." Neither the court nor the prosecutor contradicted counsel's representation. Indeed, the court's minutes reflect the court "will consider plea withdrawal in one year *if no further law or probation violations sustained or pending*." (Italics added.) Thus, it was not made clear to Serena at the outset that she must pay full restitution during the probation period, even if she lacked the ability to do so, to obtain withdrawal of her plea. We must construe any ambiguities in the agreement in the minor's favor. (*Id.* at p. 734.)

8

The Attorney General also argues Serena did not show financial hardship. The uncontradicted evidence, however, demonstrated Serena was an 18-year-old college student with a part-time job, received no financial aid from her parents, and struggled to meet her expenses, which she detailed in her declaration.

Finally, the Attorney General argues there was "little evidence" Serena made a good faith effort to satisfy her restitution condition. The evidence showed Serena lacked the ability to pay and was unaware her father had not paid the monthly $50 restitution payment, which was calculated based on his financial condition, not Serena's. There was no evidence to support the Attorney General's contention Serena did not make a bona fide effort to pay. Otherwise the court would have found Serena in violation of probation had she not made good faith efforts to meet her restitution obligation. (§ 730.6, subd. (m) [juvenile court may not revoke probation for failure to pay restitution unless the minor "has willfully failed to . . . make sufficient bona fide efforts . . . to pay].) The court, however, made no such finding.

## III

### DISPOSITION

The order denying Serena's request to withdraw her admission is reversed. The matter is remanded to the trial court with directions to allow Serena to withdraw her admission. The order terminating the wardship and converting the remaining restitution to a civil judgment is affirmed.

ARONSON, J.

WE CONCUR:

RYLAARSDAM, ACTING P. J.

IKOLA, J.

10