Filed 6/1/26  Marriage of Jacobs CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

|  |  |
|---|---|
| In re Marriage of ERICA and JONATHAN JACOBS. | |
| ERICA JACOBS,<br><br>        Respondent,<br><br>v.<br><br>JONATHAN JACOBS,<br><br>        Appellant. | A173230<br><br>(San Mateo County Super. Ct. No. 20FAM00918) |

**MEMORANDUM OPINION**[1]

Jonathan and Erica were married in 2014 and separated in 2020; they share one minor child.[2]  In June 2020, Erica filed a petition for divorce and an application for domestic violence restraining order.  In July 2020, the court granted the restraining order request, giving Erica sole custody of their child

---

[1] We dispose of this appeal by memorandum opinion because it "raise[s] no substantial issue of law or fact."  (Cal. Stds. Jud. Admin., § 8.1; see also Ct. App., First Dist., Local Rules of Ct., rule 19, Abbreviated Opinions; see also *People v. Garcia* (2002) 97 Cal.App.4th 847, 853 ["Memorandum opinions may vary in style, from a stereotyped checklist or 'fill in the blanks' form to a tailored summary of the critical facts and the applicable law"].)

[2] Because the parties share the same surname, we use their first names for clarity.  We intend no disrespect.

1

pursuant to Family Code section 3044 (section 3044).[3]  At some point thereafter, the court ordered Jonathan to pay child support.[4]

In the following years, Jonathan participated in therapy, completed 52 weeks of domestic violence counseling, and participated in supervised visitation with the child.

After a hearing held in May 2024, the court found that Jonathan had successfully rebutted the section 3044 presumption and awarded both Jonathan and Erica joint legal custody of the child while Erica maintained sole physical custody.

It appears that in October 2024, the court modified the child support payments, requiring Jonathan to pay $462 per month in child support and $69 per month in child care (a total of $531 per month).[5]

In January 2025, Jonathan filed a request for change to the child support payments and a recalculation of arrears.  Jonathan also requested child support payments from Erica.  The court held a hearing on Jonathan's request on April 3, 2025,[6] and issued a written order on April 21 that (1) directed Jonathan to make monthly child support payments of $546.00, which included a "[m]andatory additional child support" payment of $66.00 per month to the "State Disbursement Unit"; (2) continued the matter to July

---

[3] Section 3044 creates a "rebuttable presumption" that it would be "detrimental to the best interest of the child" to award custody to a parent who has been found to have "perpetrated domestic violence within the previous five years."  (Fam. Code, § 3044, subd. (a).)  Further undesignated statutory references are to the Family Code.

[4] The initial child support order is not part of the record on appeal.

[5] The October 2024 order is not part of the record on appeal but is referenced in Jonathan's subsequent request to modify support payments and recalculate arrears.

[6] We do not have a reporter's transcript of the April 3 proceedings.

2025 "for child support modification review" before the Department of Child Support Services; (3) ordered Jonathan "to seek work and apply to at least 3 jobs per week" and "submit bi-weekly work search logs"; and (4) directed both parties to file updated income and expense declarations. Attached to the order was a "Guidelines Calculation Results Summary" printout, dated April 16, 2025.

After the April 3 hearing but before the court issued its April 21 order, Jonathan filed a notice of appeal challenging the "4/3/2025" ruling on his request to modify child support. We consider this notice of appeal timely filed. (Cal. Rules of Court, rule 8.308(c); see also *Brown v. County of Los Angeles* (2014) 229 Cal.App.4th 320, 322, fn. 1 [deeming "premature appeal" as timely filed from the subsequent judgment].)

## DISCUSSION

"We do not retry cases on appeal." (*FLIR Systems, Inc. v. Parrish* (2009) 174 Cal.App.4th 1270, 1276.) To the contrary, we presume the lower court's rulings are correct, and the appellant bears the burden of affirmatively showing error. (*Universal Home Improvement, Inc. v. Robertson* (2020) 51 Cal.App.5th 116, 125.) These rules apply equally to self-represented parties like Jonathan. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.)

To show error, the appellant " 'must supply [us] with some cogent argument supported by legal analysis and citation to the record.' " (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 146, quoting *City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287.) This obligation includes providing the applicable standard of review. (*Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failing "to articulate the standard of review on appeal [is] in and of itself a potentially

fatal omission"].) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review" and "justifies rejection of [appellant's] argument on this basis alone." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078; *Bishop v. The Bishop's School* (2022) 86 Cal.App.5th 893, 910.)

Further, " 'Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs—*must be supported by a citation to the record*,' " and "courts will decline to consider any factual assertion unsupported by record citation *at the point where it is asserted*." (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970; *Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590, fn. 8, italics added.)

Here, Jonathan's record and briefing are inadequate such that they do not allow for appellate review. Jonathan's briefing does not use full sentences, makes several unintelligible arguments, and, at times, appears to challenge orders and findings that Jonathan neither appealed from nor included in the record. To the extent we can understand Jonathan's argument as defined by the single heading—"The superior court erred in denying appellant's motion to modify child support because there have been significant changes in circumstance, and the order is based on perjury"—he attempts to relitigate the matters decided by the trial court and fails to include appropriate citations to the record, a full or adequate record, or any legal authority supporting his position. Such a conclusory statement is insufficient to carry Jonathan's burden on appeal. (*Bishop v. The Bishop's School*, *supra*, 86 Cal.App.5th at p. 910 [failure to develop arguments by

4

"stating the law, and calling out relevant portions of the record, [which show] that the trial court committed reversible error," "justifies rejection of [appellant's] argument[s] on this basis alone"].)  Accordingly, Jonathan has forfeited his claims on appeal by failing to develop or support them with accurate citations to the record and pertinent legal authority.

In any event, we can identify no abuse of discretion.  "An order denying child support modification is reviewed for abuse of discretion and will be reversed 'only if prejudicial error is found from examining the record below.' " (*In re Marriage of Cole* (2023) 94 Cal.App.5th 450, 457.)  Further, the amount of child support is "established by the formula provided in subdivision (a) of section 4055," which is the presumptively correct amount absent "admissible evidence showing that application of the formula would be unjust or inappropriate."  (§ 4057, subds. (a), (b).)  Here, the court's child support order attaches "a computer printout showing the parents' income and percentages of time each parent spends with the children," "which shows the calculation of child support payable."  The attached printout reflects Jonathan's "Basic Child Support Amount" as "[$]376.00 to [$]480.00" with a "Child Support Add-On[ ] Amount" of "[$]66.00."  Accordingly, the total amount of child support order ($546.00 per month) is supported by substantial evidence and reflects no abuse of discretion.

## DISPOSITION

The April 21, 2025 order is affirmed.  We decline to award costs.  (Cal. Rules of Court, rule 8.278(a)(5).)

DESAUTELS, J.

We concur:

STEWART, P. J.

MILLER, J.

*In re Marriage of Jacobs* (A173230)